89 F.3d 833
 17 O.S.H. Cas. (BNA) 1649, 1996 O.S.H.D. (CCH)
P 31,089
 NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
DONLEY'S, INC., Petitioner,
v.
Robert REICH, Secretary of Labor, Respondent.
 No. 95-3653.
 United States Court of Appeals, Sixth Circuit.
 July 1, 1996.
 
 Before: NORRIS and DAUGHTREY, Circuit Judges, and HILLMAN, District Judge.*
 PER CURIAM.
 
 
 1
 Donley's, Inc. appeals the Occupational Safety and Health Review Commission's reversal of an administrative law judge's decision. The Commission found that Donley's violated federal regulations by not providing guardrails to protect workers from falling through floor openings at its work site. We conclude that the Commission's decision rejecting Donley's infeasibility defense was based on substantial evidence, and we therefore affirm the Commission's order imposing a $5,000 penalty.
 
 
 2
 Donley's is a construction company that was in the process of reconstructing an underground parking garage in Columbus in June 1992, when the site was inspected by an OSHA compliance officer, Robert Samsel. As later described by the administrative law judge, the company's construction process "consisted of cutting and removing portions of the parking garage's concrete floor each night, and during the day, replacing the floor with forms, wooden shoring topped with [metal] pans, on which a new concrete floor would be poured." According to testimony before the administrative law judge, the metal pans weighed 110 pounds apiece and, apparently, were very difficult to maneuver into place.
 
 
 3
 When Samsel inspected the site, he observed work being performed from a concrete deck with a 12-foot drop-off to the floor below, protected only by sawhorses. Company officials maintained that temporary guardrails were infeasible, because they would interfere with the installation of the framework and the pans.
 
 
 4
 The administrative law judge found that Donley's had established a valid defense of infeasibility, concluding that "guardrails on the north side of the remaining P-1 level deck would have prevented the performance of its work, panning formwork in preparation for concrete pouring" and that the installation of guardrails "would [have] unreasonably consume[d] the employer's time and resources and [was] not required where the employer ha[d] instituted alternative protective measures." The judge further found that the sawhorses set up along the edge of the deck "served as a reminder, warning employees away from the extreme edge of the floor," thereby constituting "adequate alternative protection."
 
 
 5
 The Review Commission disagreed, pointing out that:
 
 
 6
 [T]here was nothing to prevent the company from installing standard guardrails along the northern edge of the P-1 level deck between the 6:30 am starting time of its day shift and the [compliance officer's] arrival at 1:00 pm. The testimony of carpenter Sweat establishes that the area to the north of the deck that was panned in when the CO arrived had been panned in at least since the day before. Yet, standard guardrails had not been erected along the northern edge of the deck to protect against falls into the open area between the panned section and the deck. Based on Sweat's testimony that it would have taken him approximately one and one-half hours to install 90 feet of standard guardrails, guardrails could have been installed about five hours before the CO arrived at the worksite at 1:00 p.m. Instead, the company only put up sawhorses.
 
 
 7
 Our review of the record convinces us that there is substantial evidence in the record to support the Commission's determination with regard to the condition of the northern edge of the P-1 deck. The order issued by the Commission is, therefore,
 
 
 8
 AFFIRMED.
 
 
 
 *
 The Honorable Douglas W. Hillman, Senior United States District Judge for the Western District of Michigan, sitting by designation